IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-28-D

| | | |
|---|---|---|
| MICHAEL DON AMOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BILL WELLES, and DOUG HENRY | ) | |
| BUICK GMC, INC., | ) | |
| | ) | |
| Defendants. | ) | |

On March 27, 2018, Michael Don Amos ("Amos" or "plaintiff") filed suit against Bill Welles and Doug Henry Buick GMC, Inc. (collectively "defendants") [D.E. 5]. Amos, proceeding pro se, alleges that defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and the American with Disabilities Act, 42 U.S.C. §§ 12111, et seq. ("ADA"). See id. at 3–4; [D.E. 5-1] 1 On May 25, 2018, defendants moved to dismiss Amos's claim against Welles and his Title VII claim against Doug Henry Buick GMC, Inc., [D.E. 16], and filed a memorandum in support [D.E. 17]. See Fed. R. Civ. P. 12(b)(6). On July 9, 2018, Amos responded in opposition and attached a proposed amended complaint [D.E. 23]. On August 6, 2018, defendants replied [D.E. 26]. As explained below, the court grants defendants' motion to dismiss Amos's claims against Welles and Amos's Title VII claim against Doug Henry Buick GMC, Inc.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 570 (2007);

Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 556 U.S. at 678; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302; see Iqbal, 556 U.S. at 678–79. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Both the ADA's and Title VII's remedial schemes are "plainly tied to employer, rather than individual, liability." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). Therefore, Title VII and the ADA do not permit actions against individual defendants. See Baird, 192 F.3d at 472; Albra v. Advan, Inc., 490 F.3d 826, 830, 834 (11th Cir. 2007) (per curiam); Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 569–70 (E.D.N.C. 2009); Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 595–96 (M.D.N.C. 2005); Hockaday v. Brownlee, 370 F. Supp. 2d 416, 421 (E.D. Va. 2004). Thus, the court dismisses Amos's claims against Bill Welles for failure to state a claim upon which relief may be granted.

As for Amos's Title VII claim against Doug Henry Buick GMC, Inc., Amos's complaint contains no allegations of a Title VII violation. See [D.E. 5] 3–4; 42 U.S.C. § 2000e-2 (prohibiting discrimination on the basis of an employee's "race, color, religion, sex, or national origin"). Thus,

2

Amos has failed to state a Title VII claim. See, e.g., McCleary-Evans v. Md. Dep't of Transp. State Highway Admin., 780 F.3d 582, 585–88 (4th Cir. 2015).[1]

In sum, the court GRANTS defendants' motion to dismiss [D.E. 16]. Amos's claims against defendant Welles are DISMISSED WITH PREJUDICE. Defendant Welles is DISMISSED as a defendant in this action. Amos's Title VII claim is DISMISSED WITHOUT PREJUDICE. Amos may file an amended complaint with a Title VII claim on or before November 24, 2018. If Amos fails to respond to this order by November 24, 2018, any Title VII claim against Doug Henry Buick GMC, Inc. is dismissed with prejudice without further order of the court.

SO ORDERED. This 25 day of October 2018.

JAMES C. DEVER III
United States District Judge

---

[1] Amos's proposed amended complaint similarly fails to state a claim for relief under Title VII. See [D.E. 23-1] ¶ 4 ("The acts complained of in this suit concern: Termination of employment due to a disability.").

3