IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:18-CV-28-D

| | |
|---|---|
| MICHAEL DON AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| BILL WELLES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Michael Don Amos ("Plaintiff") moves the court to compel Defendant Doug Henry Buick GMC, Inc. ("Defendant") to fully and completely respond to requests one, three, and eight of Plaintiff's First Request for Production of Documents. [DE-34]. Defendant opposes the motion. [DE-37]. The issues have been fully briefed, and the motion is ripe for decision. For the reasons stated below, Plaintiff's motion is denied.

## I. BACKGROUND

Plaintiff claims that his employment with Defendant was terminated in violation of the Americans with Disabilities Act of 1990. *See* Compl. [DE-5]. Specifically, Plaintiff alleges that he informed his supervisor of health issues in mid-February 2017, and he was terminated in March 2017 with no disciplinary warning. *Id.* at 4. Defendant responds that the decision to terminate Plaintiff's employment was based on good cause and legitimate, non-discriminatory reasons, and the decision would have been made regardless of any alleged disability. Answer [DE-18] at 4.

In December 2018, Plaintiff served Defendant with his First Request for Production of Documents ("First RFP"), to which Defendant objected. [DE-34-1]. Three requests are the subject of the parties' dispute:

1. All documents of the personnel records for the following: Lynn Alderman, Michael Don Amos, Bhobie Belmonte, Nick Burroughs, Jim Carr, Brad Connerton, Joseph Gaskins, Nicolette Dawson, Greg Hemby, Karl Langren, Tony Mallard, Caitlin Opp, Mickey White (Sr), Jonathan Smith, Max Smith, Jennifer Suggs and Michael Tompson. Records should be complete and include any resume and/or application, job position/descriptions outlines, pay plan or compensation agreements, employee w-4 or w-9 form, I-9 form, any communication between employer and employee whether it be a disciplinary action by the employer to employee or an employment complaint against the employer, any noted observations about employee, separation notices, copy of the acknowledgment of the company handbook of policies and any communications with the North Carolina Department of Employment Security (DES) or the United States Equal Employment Opportunity Commission (EEOC) regarding the employee and all COBRA related communications. Any and all other documentation contained in the subject record for any and all the Doug Henry locations.

3. The OEM sales financial statement(s) as reported by Doug Henry Buick GMC, Inc. to the Buick GMC division of the General Motors corporation for the period(s) of 2015, 2016, 2017 and 2018 to date.

8. Documentation of new vehicle sales and the customers of those vehicles as reported to the Buick GMC Division of General Motors for credit of sales production in the month of December 2016 reporting period and copies of the DMV title applications corresponding to each sale.

*Id.* On January 11, 2019, Defendant responded to the First RFP, objecting to the above-listed items on the grounds of overbreadth, vagueness, ambiguity, a failure to seek documents with reasonable particularity, relevancy, burden, disproportionality, and confidentiality. *Id.*

The parties conferred by telephone regarding the First RFP on January 28 and February 8, 2019. Def.'s Mem. [DE-37] at 2. Defendant informed Plaintiff of the bases for its objections, and Plaintiff agreed to narrow the scope of his requests. *Id.* Plaintiff contends that any confidential information may be redacted or addressed by the joint confidentiality agreement in effect in this case. Pl.'s Mot. [DE-34] at 1. Defendant contends that the requests seek highly confidential personnel information and are overbroad, vague, ambiguous, and neither relevant nor proportional to the needs of the case. Def.'s Mem. [DE-37] at 2–9.

2

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to produce or make available for inspection requested documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of a motion to compel, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the Federal Rules also provide that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). "Additionally, the court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43

F.3d 922, 929 (4th Cir. 1995)). Finally, the party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection*, 270 F.R.D. at 240 (citation omitted). Accordingly, it is Defendant's burden to show why discovery should be denied.

## A. Personnel Records

RFP One seeks personnel records of seventeen employees, including resumes, job applications, job position descriptions, compensation agreements, employee W-4 or W-9 forms, I-9 forms, any communication between the employer and employee, any noted observations about the employee, separation notices, acknowledgments of the company handbook of policies, any communications with the DES or the EEOC, and all COBRA related communications. [DE-34-1] at 2–3. Plaintiff subsequently narrowed his request to personnel records for six employees: Lynn Alderman, Nicolette Dawson, Greg Hemby, Jonathan Smith, Max Smith, and Michael Thompson. Def.'s Mem. [DE-37] at 3. Plaintiff stated that he seeks the records because he believes Ms. Alderman filed harassment charges against Defendant, Ms. Dawson was targeted because of a medical issue, and of the remaining four employees, two African American employees were dismissed for attendance issues while the other two were not dismissed. *Id.* at 4. Defendant informed Plaintiff that Ms. Alderman's file includes no information about harassment charges; Ms. Dawson resigned, was rehired, and subsequently ended her employment for personal and confidential reasons; and the records of the remaining four employees are not relevant because racial discrimination is not an issue in this case. *Id.* Defendant informed Plaintiff that it would not produce any of the six personnel files, and Defendant contends that the information contained in the files is highly confidential. *Id.* at 5–6.

4

"Personnel files are, by their very nature, highly confidential and a strong public interest weighs in favor of protecting the privacy rights of non-party employees." *Bouygues Telecom, S.A. v. Tekelec, Inc.*, No. 4:05-CV-78-FL, 2006 WL 8438418, at *2 (E.D.N.C. Nov. 6, 2006) (citations omitted). Because of that strong public interest in confidentiality, production of personnel files of non-party employees is ordered only when: "(1) material is clearly relevant; and (2) the need for disclosure is compelling because the information sought is not otherwise readily available." *James v. Peter Pan Transit Mgmt., Inc.*, No. 5:97-CV-747-BO, 1999 WL 735173, at *11 (E.D.N.C. Jan. 20, 1999) (citations omitted).

Here, the material contained in the personnel files is not clearly relevant. Plaintiff seeks Ms. Alderman's personnel file because he believes she filed harassment charges, but Defendant has informed Plaintiff that there is no reference to any harassment charge in Ms. Alderman's file. *See id.* (refusing to compel production of an employee file "because the information that Plaintiff seeks is otherwise readily available and because the information has largely already been provided to her"). Plaintiff seeks Ms. Dawson's file because he believes she was targeted due to a medical issue, but Defendant has informed Plaintiff of the circumstances of Ms. Dawson's employment. Plaintiff seeks the remaining four employment files because he believes African American employees were treated differently regarding attendance issues, but this is not a case involving racial discrimination; Plaintiff is white and has not alleged discrimination based on race. The sweeping nature of Plaintiff's request, including resumes, compensation agreements, tax forms, any communication between the employer and employee, and all observations about the employee is overbroad, and the request seeks information that is not relevant to the issues in this case. Accordingly, the policy interest in protecting the privacy of non-party employees is not overcome, and Plaintiff's request to compel production of the personnel files is denied.

5

## B. OEM Sales Financial Statements

In RFP Three, Plaintiff requests financial statements as reported by Defendant to General Motors from 2015 to the present. [DE-34-1] at 3. Plaintiff contends he seeks the information "to either support or disqualify statements made by the Defendant to the EEOC that the profitability of the business was low due to the actions of the Plaintiff and lead to the termination decision." Pl.'s Mot. [DE-34] at 1. Defendant responds that the request is overbroad and not relevant to the issues involved in this case. Def.'s Mem. [DE-37] at 7.

Defendant did not report to the EEOC that Plaintiff was terminated due to low sales; rather, Defendant reported that Plaintiff was terminated because of a heated conversation with his supervisor during which he used foul language. Def.'s Mem. Ex. 1 [DE-37-1] at 4. Defendant did reference low sales in the EEOC position statement, writing:

> Charging party had a strained relationship with the Company's used car manager, who felt that Charging Party tried to undermine his sales initiatives. When this individual was hired, he understood that Goldsboro's sales and profits were low, and he brought new ideas from a larger dealership at which he had worked.

*Id.* at 3. Defendant did not blame Plaintiff for the low sales; rather, Defendant mentioned the low sales to explain the circumstances of hiring a new used car manager. Defendant also reported to the EEOC that while Plaintiff was working at the Goldsboro dealership, he was hesitant to interact with customers, clashed with the used car manager, and had a negative attitude. *Id.* at 3–4. Defendant stated that customer service ratings were low while Plaintiff was working in Goldsboro, and they improved after he left. *Id.* at 4. Defendant reported that because of those issues, Defendant decided to transfer Plaintiff from his position in Goldsboro to a management position at the Kinston dealership, a job Plaintiff previously held. *Id.* Defendant told the EEOC that it terminated Plaintiff because when Mr. Welles informed Plaintiff of the transfer, Plaintiff was belligerent, yelled, cussed, and threatened to make Mr. Welles's life miserable. *Id.* In summary,

Defendant implied that customer service suffered under Plaintiff's leadership, but Defendant did not attribute low sales to Plaintiff's performance, and it never reported to the EEOC that Plaintiff was terminated because of low sales. Defendant concedes that it did not terminate Plaintiff because of low sales; accordingly, there is no need for Plaintiff to support or disqualify any statement by Defendant to the EEOC that Plaintiff was terminated because of low sales. The financial statements are therefore not relevant to the issues of the case, and Plaintiff's request to compel production of the documents is denied.

## C. New Vehicle Sales and DMV Title Applications

Defendant contends that RFP Eight, which seeks documentation of new vehicle sales for December 2016 and copies of the DMV title applications for each sale, is not relevant for the same reasons as RFP Three. Def.'s Mem. [DE-37] at 7–9. Defendant also contends that the DMV title applications contain sensitive and confidential information about Defendant's customers. *Id.* The court agrees. Documentation of new vehicle sales is not relevant to the issues in this case when Plaintiff alleges discrimination on the basis of disability and Defendant concedes that it did not terminate Plaintiff because of Plaintiff's sales record. Moreover, the DMV title applications, which contain the names of Defendant's customers, are not relevant to any claim or defense in this case, as Plaintiff claims discrimination based on disability and Defendant responds that it terminated Plaintiff because of an unprofessional conversation between Plaintiff and his supervisor. Accordingly, Plaintiff's request to compel production of new vehicle sales documentation and DMV title applications is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Document Production [DE-34] is DENIED.

7

So ordered, the 29 day of March 2019.

Robert B. Jones, Jr.
United States Magistrate Judge